IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3114-FL

| | | |
|---|---|---|
| LAMONT DEVORE HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HARVEY CLAY, Superintendent; | ) | |
| JAMES McRAE, Assistant | ) | |
| Superintendent; and ROSE LOCKLEAR, | ) | |
| Captain, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, (DE 30). Plaintiff did not respond to the motion and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motion.

**STATEMENT OF THE CASE**

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on April 27, 2017, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants Harvey Clay ("Clay"), James McRae ("McRae"), and Rose Locklear ("Locklear") violated his rights under the Eighth Amendment to the United States Constitution by failing to protect him from an assault perpetrated by another inmate. Plaintiff seeks compensatory

---

[1] The court dismissed formerly-named defendant North Carolina Department of Public Safety by separate order entered November 28, 2017.

damages.

On June 23, 2017, plaintiff moved for appointment of counsel. On November 28, 2017, the court denied the motion to appoint counsel, conducted its frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), and allowed the action to proceed as to defendants Clay, McRae, and Locklear. The court dismissed plaintiff's claims against formerly-named defendant North Carolina Department of Public Safety on sovereign immunity grounds.

On June 27, 2018, the court entered case management order governing discovery and dispositive motions practice. Plaintiff did not take any discovery in this action. On April 5, 2019, defendants filed the instant motion for summary judgment, supported by memorandum of law, statement of material facts, and the following: 1) affidavit of defendant Locklear; 2) September 22, 2016, incident report; 3) North Carolina Department of Public Safety ("DPS") policy governing protective control; 4) DPS infraction records of the inmate that assaulted plaintiff; 5) affidavit of defendant Clay; and 6) affidavit of defendant McRae. Defendants argue they are entitled to judgment as a matter of law because the record evidence establishes that plaintiff did not inform them, and they were not otherwise aware, of any risk of harm arising from plaintiff being housed with the inmate that assaulted him.

On April 8, 2019, the court provided plaintiff notice of the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). As noted, plaintiff did not respond to defendants' motion.

**STATEMENT OF THE FACTS**

The facts, viewed in the light most favorable to plaintiff, may be summarized as follows. On September 22, 2016, plaintiff was assaulted by another inmate at the Lumberton Correctional

Institution. (Locklear Aff. Ex. A (DE 33-2) at 3).[2] The inmate allegedly "charged" at plaintiff and struck him on the head after plaintiff refused to purchase canteen items for him. (Id. at 4). Plaintiff suffered a laceration on his head, was rendered unconscious, and had a seizure. (Id.). Lumberton Correctional staff transported plaintiff to the emergency department, where he was treated and released. (Id. at 3).

Defendants were prison officials at the Lumberton Correctional Institution at the time plaintiff was assaulted. (Locklear Aff. (DE 33-1) ¶ 3; Clay Aff. (DE 33-5) ¶ 3; McRae Aff. (DE 33-6) ¶ 3). They have submitted uncontradicted sworn evidence that they were not aware of any risk of harm to plaintiff by housing him with the inmate. (Locklear Aff. (DE 33-1) ¶¶ 12-13; Clay Aff. (DE 33-5) ¶¶ 8-9; McRae Aff. (DE 33-6) ¶¶ 5-6).

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation

---

[2]     Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B.   Analysis

The Eighth Amendment to the United States Constitution proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. Under the Eighth Amendment, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quotation omitted); see Hudson v. Palmer, 468 U.S. 517, 526–27 (1984); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014). To establish an Eighth Amendment claim premised on failure to protect from harm, plaintiff must show that 1) he was incarcerated under conditions posing a substantial risk of harm, and 2) defendants were deliberately indifferent to the risk of harm. See Farmer, 511 U.S. at 834, 837–38; Danser, 772 F.3d at 346-47. The deliberate indifference prong requires a showing that defendants knew of disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837-38; Danser, 772 F.3d at 347; see also Rich v. Bruce, 129 F.3d 336, 338-40 (4th Cir. 1997).

As set forth above, the undisputed record evidence shows that defendants were not aware that housing plaintiff with the inmate who assaulted him posed any risk to plaintiff. (See Locklear Aff. (DE 33-1) ¶¶ 12-13; Clay Aff. (DE 33-5) ¶¶ 8-9; McRae Aff. (DE 33-6) ¶¶ 5-6). In the absence of verified evidence showing defendants were aware of a known risk to plaintiff, defendants are entitled to summary judgment on plaintiff's failure to protect claim. See Danser, 772 F.3d 348-49 (plaintiff failed to establish Eighth Amendment failure to protect claim where record evidence did not show defendant was aware of risk of harm).

Plaintiff's complaint arguably alleges a claim for supervisory liability. To establish supervisory liability, plaintiff must show, among other things, that "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and

5

unreasonable risk of constitutional injury." See Shaw v. Stroud, 13 F.3d 791,799 (4th Cir. 1994) (internal quotation omitted). For the reasons discussed above, plaintiff has failed to produce any verified evidence that the supervisory defendants had actual or constructive knowledge that prison officials were failing to protect him from a known risk of harm. Accordingly, defendants are entitled to summary judgment as to this claim.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion for summary judgment, (DE 30). The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge